Guy Mizrahi, Esq. (SBN 220930)
guy@journeylawgroup.com
JOURNEY LAW GROUP, INC.
1762 Westwood Blvd., Suite 260
Los Angeles, CA 90024
Telephone: 424.206.4303
Facsimile: 424.220.7388

Attorneys for Plaintiff
SAM SHIRI

KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
ANTHONY PAUL GRECO [Bar No. 296398]
tgreco@lehrmanlawgroup.com
DERRICK Y. CHU [Bar No. 310238]
dchu@lehrmanlawgroup.com
LEHRMAN LAW GROUP
12121 Wilshire Boulevard Suite 1300
Los Angeles, CA 90025
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM SHIRI, an individual, | ) Case No. 2:19-cv-09453 GW (KSx) |
| | ) [Filed: September 27, 2019] |
| Plaintiff, | ) [Removed: November 01, 2019] |
| | ) |
| v. | ) Hon. George H. Wu |
| | ) Courtroom 9D |
| MERCEDES-BENZ USA, LLC., a | ) |
| Delaware Limited Liability Company; | ) **PARTIES' JOINT RULE 26 (F)** |
| and DOES 1 through 20, inclusive, | ) **REPORT** |
| | ) |
| Defendants. | ) |
| | ) DISCOVERY CUT-OFF:   NONE |
| | ) MOTION CUT-OFF:       NONE |
| | ) TRIAL DATE:                 NONE |

The parties to the above-entitled action, Plaintiff SAM SHIRI ("Plaintiff") and Defendant MERCEDES-BENZ USA, LLC ("Defendant, or MBUSA") (Collectively the "Parties") respectfully submit this JOINT RULE 26(f) REPORT, pursuant to the Court Order Setting Scheduling Conference for December 23, 2019.

Pursuant to Rule 26(f), counsel for the Parties have met and conferred, to discuss this Joint Rule 26(f) Report.  Participating counsel were Guy Mizrahi, Esq. on behalf of Plaintiff and Anthony P. Greco, Esq., on behalf of Defendant.

## 1. Synopsis of the Case, Claims and Defenses.

**Joint Statement:**

This is an action involving the California Song-Beverly Consumer Warranty Act, California Civil Code §1790 *et seq*. (commonly known as the "Lemon Law") as alleged by Plaintiff against Defendant MERCEDES-BENZ USA, LLC.  On or about November 19, 2017, Plaintiff purchased a Certified Pre-Owned 2016 Mercedes-Benz C300W, Vehicle Identification Number 55SWF4KB1GU137294 (the "Vehicle") from Mercedes Benz of Laguna Niguel.  The Vehicle was covered by an express warranty issued by Defendant.

Plaintiff's Position:

The Complaint alleges 1) the Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to the engine and related systems, check engine light illuminating, low coolant light illuminating, low tire pressure light illuminating, hesitation when shifting, transmission, vehicle shaking, eco start and stop switch not working, steering wheel knocking noise and others; 2) such defects substantially impaired the subject vehicle's use, value, and/or safety to Plaintiff; 3) despite being offered a reasonable number of attempts to repair such defects, Defendant has failed to repair the subject vehicle to warranty; and 4) Defendant has not replaced the vehicle or otherwise made restitution to Plaintiff, in violation of Defendant's statutory and warranty obligations. Plaintiff seeks damages

reflecting the total amount paid and payable for the Vehicle ($47,179.89), various incidental and consequential damages, a civil penalty up to two times the amount of actual damages, rescission of the contract and restitution of consideration, and attorneys' fees and costs of suit.

Plaintiff recently discovered facts suggesting that the Long Beach Eurocars, LLC d/b/a Mercedes-Benz of Long Beach and Rusnak/Arcadia d/b/a Mercedes-Benz of Arcadia were independently negligent in the repairs performed on the Vehicle and intends on filing a First Amended Complaint adding these dealerships to the lawsuit and adding a claim for negligent repair against them.  Such amendment would destroy diversity and Plaintiff intends on filing a Motion for Remand.  Plaintiff has meet and conferred with Defendant about this issue and during the meet and confer process, the parties began discussing a global settlement which would resolve the action in its entirety.  As such, Plaintiff has not yet filed a Motion for Leave to Amend or the Motion for Remand.

Defendant's Position:

Defendant denies all of the allegations in Plaintiff's complaint and contends it should be dismissed from this action entirely. Defendant contends that the Vehicle did not contain warrantable defects or that Defendant breached the terms of the applicable warranty and thus are not liable for breach of express warranty or implied warranty of merchantability. Further, Defendant contends that they provided Plaintiff with full and timely service and that they repaired any verifiable concerns covered by their respective warranties within a reasonable number of attempts.

**2.    Synopsis of Principal Legal Issues in the Case.**

1.    In addition to the issues listed above, the case presents the following legal issues: Whether the Vehicle contained nonconformities under the Song-Beverly Consumer Warranty Act.

///

///

2. Whether MBUSA violated the Song-Beverly Consumer Warranty Act by failing to repair the alleged defects in Plaintiff's Vehicle within a reasonable number of repair attempts or a reasonable time.

3. Whether MBUSA had a duty to repurchase the subject Vehicle.

4. Whether MBUSA's failure to promptly repurchase the subject Vehicle was willful.

5. Whether Defendant violated implied warranties in connection with the lease and distribution of the subject Vehicle.

**3.   Additional Parties or Amendment of Pleadings.**

Plaintiff's Position:

As indicated above, the parties are heavily engaged in settlement discussions that could shortly resolve this action in its entirety. If those discussions fail, Plaintiff will seek leave to file a First Amended Complaint adding Long Beach Eurocars, LLC d/b/a Mercedes-Benz of Long Beach and Rusnak/Arcadia d/b/a Mercedes-Benz of Arcadia as defendants which would destroy diversity and Plaintiff would be filing a Motion for Remand.

Defendant's Position:

Defendant does not anticipate the amendment of pleadings for any reason.

**4.   Contemplated Law and Motion.**

The parties do not anticipate the filing of any dispositive motions at this time as further discovery and investigation are required. The parties reserve the right to do so at a later time.

**5.   Fed. R. 26(f)(3) – Discovery Plan**

**(A)   Changes to timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties do not anticipate any other changes in the form or requirement for disclosures under Rule 26(a) at this time.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff's position:

Plaintiff's discovery subjects shall include:

1) The subject vehicle, including, but not limited to, the terms of the purchase agreement; the warranty under which the subject vehicle was covered for repairs; etc.

2) The defects manifesting in the subject vehicle, including, but not limited to, the nature of the defects; the typicality of the defects in warranty-conforming vehicles of the same make, model, and year; the information known to and available to Defendant regarding the defects in vehicles of the same make, model and year; Defendant's internal investigations into the causes and potential repairs of the defects; the failure rates of the defective components in the subject vehicle; Plaintiff's substantial impairment in the use, value, or safety of the subject vehicle as a result of the defects; etc.

3) The repair efforts to correct the defects in the subject vehicle, including, but not limited to, the number of opportunities to repair provided to Defendant or Defendant's authorized repair facilities; the information and concerns communicated to Defendant or Defendant's authorized repair facilities regarding the subject vehicle at any given repair opportunity; the outcome of each repair opportunity; etc.

4) Defendant's policies and procedures regarding the handling of warranty claims and repairs.

5) Defendant's policies and procedures regarding the handling of consumer complaints including vehicles that cannot be repaired, requests for repurchase, repeat concerns; etc.

Defendant's Position:

Defendant will conduct discovery regarding the alleged nonconformities and Plaintiff's alleged damages. Defendant will serve Interrogatories, Requests for Production of Documents, and Requests for Admissions. Defendant also intends to depose plaintiff and any other witnesses revealed during discovery who claim to have observed Plaintiff's alleged complaints. Defendant will also conduct a legal inspection of the subject Vehicle.

Defendant disagrees with plaintiff regarding the scope of discovery, including plaintiff's contention that discovery is appropriate with respect to documents or information regarding "the typicality of the defects in warranty-conforming vehicles of the same make, model, and year; the information known to and available to Defendant regarding the defects in vehicles of the same make, model and year; Defendant's internal investigations into the causes and potential repairs of the defects; the failure rates of the defective components in the subject vehicle; Plaintiff's substantial impairment in the use, value, or safety of the subject vehicle as a result of the defects; etc."

The issue before the jury in this type of case is whether Plaintiff's vehicle had a defect, covered by the warranty, which substantially impaired the use, value or safety of the vehicle that MBUSA was unable to repair after a reasonable number of attempts. *See Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal. App.4th 294, 304. The relevant evidence on this issue consists of the service records for the Plaintiff's vehicle during Plaintiff's ownership. *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 185-86, accord, *Lukather v. General Motors, LLC* (2010) 181 Cal.App.4th 1041, 1051-52; *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 815-16. It is Defendant's position that discovery should be limited to the relevant inquiry in this case and to documents or information related to Plaintiff's vehicle.

///

///

**(C) Phases**

The parties do not anticipate conducting discovery in phases.

**(D) Electronically Stored Information (FRCP 26(f)(3)(C))**

The parties agree that electronic discovery should be produced initially on paper, unless the size or format of the document makes such production impractical, in which case a PDF formatted file is acceptable. Thereafter, it should be in PDF format, which is the only format that is reasonably accessible for electronically stored information currently foreseen by the parties. Should any issues arise, the parties agree to meet and confer with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party.

**(E) Privileged or Protected Materials (FRCP 26(f)(3)(D))**

The parties do not anticipate any issues regarding claims of privilege or protection. The parties agree to follow the general procedures set forth in Rule 26 and local rules with respect to privileged or protected materials, including the procedures outlined in Rule 26(b)(5) regarding the assertion of claims of privilege after production.

**(F) Limitations on Discovery (FRCP 26(f)(3)(E))**

The parties are in agreement with the discovery limitations imposed under the Federal Rules and agree to conduct discovery in accordance with the Federal Rules of Civil Procedure.

**(G) Expert Discovery**

The Parties will conduct expert discovery after completion of fact discovery.

**6. Additional Orders Under Rule 26(c) or Rule 16(b) (FRCP 26(f)(3)(F))**

<u>Plaintiff's position:</u>

Plaintiff does not currently know of any issues requiring additional orders at this time.

///

Defendant's position:

Defendant may need to pursue a protective order regarding any defense inspection of the subject Vehicle to specify the terms of and designate the persons (e.g. Plaintiff's designated expert witness(es)) who may be present while the Vehicle inspection is conducted, as authorized by Rule 26(c)(1) subd. (B) & (E), and/or the plaintiffs' requesting discovery into MBUSA's proprietary information and/or information that is otherwise regarded as trade secrets. However, under the facts of the case as both parties currently understand them, the parties do not anticipate these issues will arise in the course of this case at this time.

**7. Complexity:**

Parties agree that this is not a complex case and therefore, agree that this action is not sufficiently complex for the Manual for Complex Litigation to be used.

**8. Alternative Dispute Resolution ("ADR") Procedure Selection:**

The parties are currently heavily engaged in direct settlement communications and are optimistic that the matter will resolve. If the parties are unsuccessful, Plaintiff will be filing a Motion for Leave to Amend the Complaint to add the servicing dealerships and a Motion for Remand as set forth in the preceding sections.

Notwithstanding, counsel for both parties are agreeable to an ADR hearing conducted by a magistrate judge or private mediation. Both parties agree that the ADR procedure is best conducted after the initial disclosures, pertinent depositions, and an inspection of plaintiff's Vehicle.

**9. Preliminary Trial Estimate:**

The Parties estimate that trial by jury will likely require 5-7 days.

///
///
///
///

## 10. Other Issues

The parties do not believe there are any other issues that need to be addressed at this time.  The parties agree to use a magistrate judge for discovery motions and settlement conferences only.

## 11. Proposed Pre-Trial and Trial Dates

The parties propose the following pre-trial and trial dates:

| | |
|---|---|
| Initial Disclosures | December 16, 2019 |
| Non-Expert Discovery Cut-Off | June 12, 2020 |
| Initial Expert Disclosure | June 26, 2020 |
| Rebuttal Expert Disclosure | July 31, 2020 |
| Expert Discovery Cut-Off | August 27, 2020 |
| Motion Cut-Off | August 28, 2020 |
| Proposed Trial Date | September 28, 2020 |

Dated: December 9, 2019                     JOURNEY LAW GROUP, INC.


By: /s/ *Guy Mizrahi*
    Attorney for Plaintiff
    SAM SHIRI


Dated: December 9, 2019                     LEHRMAN LAW GROUP


By: /s/ *Anthony P. Greco*
    Attorney for Defendant
    MERCEDES-BENZ USA, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF LOS ANGELES )

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

On December 9, 2019, I served true copies indicated below in the manner as provided in FRCivP 5(b), the foregoing document described as: **PARTIES' JOINT RULE 26(f) REPORT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California addressed as follows:

[ ]  **BY MAIL**: I caused to be delivered by US mail by placing a true copy thereof enclosed in sealed envelopes. I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

[ ]  **BY OVERNIGHT:** I caused such envelopes to be delivered by Golden State Overnight air courier, with next day service, to the offices of the addressees.

[ ]  **BY PERSONAL SERVICE:** I caused the such envelopes to be delivered by hand to the offices of the addressees delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b).

[X]  **CM/ECF:** I caused such document to be delivered to the e-mail address indicated on the attached SERVICE LIST using the CM/ECF system, which sends notice of electronic filing (NEF) to all counsel of record in this action.

[ ]  I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X]  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2019, in Los Angeles, California.


/s/ *Tra'Shon Pugh*
Tra'Shon Pugh

**PROOF OF SERVICE LIST**
**MERCEDES-BENZ USA, LLC/SHIRI, SAM**
**(M127-516)(365.516)**
**Case No. 2:19-cv-09453 GW (KSx)**
**Page 1**

| | |
|---|---|
| Guy Mizrahi, Esq. | Attorneys for Plaintiff |
| Arya Malek, Esq. | SAM SHIRI |
| JOURNEY LAW GROUP, INC. | |
| 1762 Westwood Boulevard | |
| Suite 260 | |
| Los Angeles, CA  90024 | |
| (424) 206-4303 | |
| (424) 220-7388 (FAX) | |
| guy@journeylawgroup.com | |